Filed 1/20/16  P. v. Austin CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>ANNELIESE FRANCHESCA AUSTIN,<br><br>     Defendant and Appellant. | A144837<br><br>(Sonoma County<br>Super. Ct. Nos. SCR651667;<br>SCR645714) |

Anneliese Franchesca Austin appeals from an order denying her motion to recall her sentence[1] (Pen. Code, § 1170, subd. (d)(1)).  Her counsel raises no issues and asks this court for an independent review of the record to determine whether there are any arguable issues.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was apprised of her right to file a supplemental brief, but did not do so.

On April 15, 2014, defendant pled no contest to one count of possessing a stolen vehicle (Pen. Code, § 496d, subd. (a)).  The court suspended imposition of sentence and placed her on probation on conditions including that she serve 90 days in the county jail.

On May 28, 2014, a petition to revoke probation was filed alleging that defendant failed to report to her probation officer and failed to abstain from alcohol.

---

[1] The order is appealable as an order made after judgment affecting defendant's substantial rights.  (Pen. Code, § 1237, subd. (b); see *People v. Loper* (2015) 60 Cal.4th 1155, 1167–1168.)

On June 5, 2014, Case No. SCR651667 was filed charging defendant with vehicle theft (Veh. Code, § 10851, subd. (a)) and vehicle theft with a prior conviction of felony vehicle theft (Pen. Code, § 666.5). As a result of this filing, the probation department filed a supplemental report to the probation violation petition in Case No. SCR645714, alleging that defendant failed to obey all laws.

In Case No. SCR651667, defendant pled no contest to one count of vehicle theft with a prior with the understanding that the court could sentence her to a maximum term of three years in prison. The court further found defendant to be in violation of probation in Case No. SCR645714.

On July 22, 2014, the court suspended imposition of sentence in Case No. SCR651667 and placed defendant on probation for three years on conditions including six months in the county jail followed by a six-month placement in the Athena House residential program. In Case No. SCR645714, the court reinstated defendant on probation.

On September 11, 2014, defendant was released from jail and placed in the Athena House program. On September 17, 2014, a petition to revoke probation was filed alleging that defendant left the program without permission and had not returned.

On October 22, 2014, defendant admitted that she violated probation in both matters. Defendant's counsel informed the court that defendant was willing to try residential treatment again but would have to wait 90 days to reapply. The court continued the matter for sentencing.

At the sentencing hearing on January 20, 2015, the court indicated that it was inclined to suspend execution of a sentence of four years and eight months and release defendant to participate in the Athena House program. Defendant, however, after changing her mind a couple of times, informed the court that she did not want to enter the treatment program. Consequently, in Case No. SCR651667, the court imposed the aggravated term of four years based on defendant's failure to successfully participate in a program while she was on probation. In Case No. SCR645714, the court sentenced

2

defendant to a consecutive term of eight months, one-third of the midterm. Defendant was granted 418 days of custody credits. Defendant did not appeal the court's judgment.

On February 24, 2015, defendant moved to recall the sentence pursuant to Penal Code section 1170, subdivision (d). She requested that the court exercise its discretion to recall her sentence and place her on probation on conditions including that she complete residential treatment. She wrote a letter to the court explaining that she was now motivated to complete treatment. On March 3, 2015, the court denied the motion. It reasoned that defendant was given several opportunities to elect treatment during the sentencing hearing and declined it. The court stated that it was concerned that defendant's primary focus was to get out of custody rather than a dedication to treatment. Defendant timely appealed the court's order.

The trial court properly denied the motion. This court has reviewed the entire record and there are no meritorious issues to be argued.

The order is affirmed.

_____

Rivera, J.

We concur:

_____

Ruvolo, P.J.

_____

Streeter, J.